IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

OCT 26 2026 PM3:38
FILED - USDC - FLMD - TPA

**FRANKLIN K. JOHNSON, III**,

*Plaintiff*,

**v.**

**SUSAN SHORTER LOPEZ**, in her official and individual capacity as State Attorney;

**CHAD CHRONISTER**, in his official and individual capacity as Sheriff of Hillsborough County;

**CITY OF TAMPA**, a municipal corporation;

*Defendants*.

**CASE NO.:** 8:26-cv-3248-MSS-CPT

**(Civil Rights Action – 42 U.S.C. § 1983 & Emergency Injunctive Relief)**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DECLARATORY RELIEF, EMERGENCY INJUNCTIVE RELIEF (TRO), AND DAMAGES

Plaintiff, Franklin K. Johnson, III, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201–2202, Federal Rule of Civil Procedure 65, and the Fourth and Fourteenth Amendments to the United States Constitution, alleging as follows:

## I. JURISDICTION AND VENUE

1. **Subject-Matter Jurisdiction:** This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.
2. **Supplemental Jurisdiction:** This Court has supplemental jurisdiction over state law matters pursuant to 28 U.S.C. § 1367.
3. **Venue:** Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b) because all events, acts, and omissions giving rise to these claims occurred within Hillsborough County, Florida.

## II. PARTIES

IFP

4. **Plaintiff:** Franklin K. Johnson, III, is a citizen of the United States residing in Hillsborough County, Florida.
5. **Defendant Susan S. Lopez:** State Attorney for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, sued in her official and individual capacities.
6. **Defendant Chad Chronister:** Sheriff of Hillsborough County, Florida, sued in his official and individual capacities.
7. **Defendant City of Tampa:** A municipal corporation organized under Florida law, operating the Tampa Police Department.

## III. STATEMENT OF FACTS

### A. Reversal of Predicate Conviction & 29 Months Incarceration

8. **Underlying Arrest & Conviction:** Plaintiff was initially arrested, prosecuted, and convicted in Case No. 15-CF-005652-A. As a result of this conviction, Plaintiff served 29 months (888 days) of unconstitutional state prison confinement.
9. **Appellate Reversal:** On July 18, 2018, the Florida Second District Court of Appeal overturned the conviction on direct appeal in Case No. 2D16-1316 *(Exhibit B)*.
10. **Final Favorable Disposition:** On September 7, 2018, the State Attorney entered a formal *Nolle Prosequi* in Case No. 15-CF-005652-A *(Exhibit C)*.
11. **Absence of Predicate Conviction:** The appellate reversal and *nolle prosequi* set aside the conviction *ab initio*. Consequently, Plaintiff possesses no active, valid predicate felony conviction to justify registration, reporting, or administrative marking requirements under **Fla. Stat. § 775.261, Fla. Stat. § 775.13, Fla. Stat. § 944.608, Fla. Stat. § 322.141(3), or any related Florida statutory scheme.**

### B. Pattern of Unlawful Arrests, Employment Termination & Public Humiliation

Despite having actual and constructive knowledge—or displaying deliberate indifference to readily available court records under ***Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004)**—that Plaintiff lacks a predicate felony conviction, Defendants engaged in an unlawful, repeated pattern of subjecting Plaintiff to false arrests, detentions, and malicious prosecutions under Fla. Stat. § 775.261:

12. **Unlawful Arrest #1 — Workplace Arrest & Job Termination (Case No. 19-CF-014638-A):** On December 12, 2019, Defendants executed an arrest under Fla. Stat. § 775.261 directly at Plaintiff's workplace in front of supervisors and coworkers. As a direct result of this unlawful arrest, Plaintiff was immediately terminated from employment, suffering severe financial disruption, loss of income, and professional reputational harm. On September 21, 2020, this charge was formally dismissed in favor of Plaintiff *(Exhibit E)*.
13. **Unlawful Arrest #2 — Public Cruise Terminal Arrest (Case No. 23-CF-002403-A):** On June 26, 2023, Defendants again arrested Plaintiff under Fla. Stat. § 775.261 while Plaintiff was embarking on a cruise vacation, detaining him publicly in front of family and friends. This public apprehension caused extreme emotional distress, public humiliation,

and financial loss. On August 10, 2023, Defendant Susan S. Lopez entered a *Nolle Prosequi*, abandoning the charge in favor of Plaintiff *(Exhibits F & G)*.

14. **Unlawful Arrest #3 (Case No. 2025-CF-011580):** Defendants subjected Plaintiff to a third arrest under Fla. Stat. § 775.261. On July 15, 2025, the State Attorney's Office issued an official "NO-FILED" Notice of Case Status, terminating the proceeding favorably *(Exhibit A)*.

### C. Pre-Suit Compliance, Accrual & Ongoing Irreparable Harm

15. **Full Compliance with Fla. Stat. § 768.28 Pre-Suit Notice:** On **August 25, 2023**, Plaintiff served formal written Notice of Claim pursuant to Florida Statutes § 768.28(6) upon the Florida Department of Financial Services and appropriate state and local agencies. Said notice placed Defendants on actual, written notice of the illegal enforcement pattern and absence of a predicate conviction, satisfying all statutory condition precedents under state law and establishing actual knowledge for Plaintiff's federal claims.
16. **Accrual under Supreme Court Precedent:** Pursuant to ***Thompson v. Clark*, 596 U.S. 36 (2022)** and ***Manuel v. City of Joliet*, 580 U.S. 357 (2017)**, Plaintiff's claims for Fourth Amendment unlawful seizure and malicious prosecution accrued on July 15, 2025, upon the favorable termination of Case No. 2025-CF-011580, rendering this action timely filed.
17. **Exhaustion of State Proceedings:** Plaintiff instituted a state declaratory action in Hillsborough County Circuit Court (Case No. 24-CA-005722). On August 26, 2026, the Second District Court of Appeal issued its Mandate in Case No. 2D2025-2517, concluding state court review *(Exhibit D)*.
18. **Ongoing Threat of Unlawful Seizure:** Under ***City of Houston v. Hill*, 482 U.S. 451 (1987)**, Defendants maintain an active database flagging custom that subjects Plaintiff to a repeated pattern of enforcement, misclassifying Plaintiff under **Fla. Stat. § 775.261, Fla. Stat. § 775.13, or related statutes**, creating an imminent, continuous threat of repeated unconstitutional arrests, liberty deprivations, and irreparable harm unless restrained by this Court.

## IV. CLAIMS FOR RELIEF

### COUNT I: Unlawful Seizures & Malicious Prosecution (42 U.S.C. § 1983 – 4th Amendment)

19. Plaintiff realleges paragraphs 1 through 18.
20. Pursuant to ***Manuel v. City of Joliet*, 580 U.S. 357 (2017)** and ***Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004)**, Defendants unlawfully seized, arrested, and prosecuted Plaintiff without probable cause by ignoring readily available exonerating court records and appellate mandates across multiple proceedings—including Case Nos. 19-CF-014638-A, 23-CF-002403-A, and 2025-CF-011580—in violation of the Fourth Amendment.
21. Pursuant to ***Thompson v. Clark*, 596 U.S. 36 (2022)**, all underlying criminal proceedings reached favorable terminations in favor of Plaintiff without a conviction.

**COUNT II: Deprivation of Due Process & Equal Protection (42 U.S.C. § 1983 – 14th Amendment)**

22. Plaintiff realleges paragraphs 1 through 18.
23. Defendants violated Fourteenth Amendment rights by continuing administrative registration enforcement, repeated arrests, public registry labeling, loss of employment, and liberty deprivations without a valid predicate felony conviction under **Fla. Stat. § 775.261, Fla. Stat. § 775.13, or related statutory provisions.**

**COUNT III: Municipal & Supervisory Liability (*Monell* Claim)**

24. Plaintiff realleges paragraphs 1 through 18.
25. Under ***City of Houston v. Hill*, 482 U.S. 451 (1987)** and ***Monell v. Department of Social Services***, Defendants executed official customs, policies, and practices of repeatedly arresting and enforcing career offender and felon registration mandates against individuals lacking predicate convictions, displaying deliberate indifference to clearly established constitutional rights after receiving actual notice on August 25, 2023.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Franklin K. Johnson, III, respectfully requests that this Court enter judgment against Defendants and grant the following relief:

- **A. Declaratory Relief:** Entry of a judgment declaring that:
    1. Defendants' enforcement of **Fla. Stat. § 775.261, Fla. Stat. § 775.13, or any related state registration statutory scheme** against Plaintiff violates Fourth and Fourteenth Amendment rights;
    2. Plaintiff lacks a predicate felony conviction to justify registration or administrative reporting under **Fla. Stat. § 775.261, Fla. Stat. § 775.13, Fla. Stat. § 944.608, Fla. Stat. § 322.141(3), or any related law**;
    3. **Preservation & Confirmation of Core Civil Rights:** Plaintiff retains all core civil rights under the Florida and U.S. Constitutions—including the full right to register and vote, serve on a jury, run for or hold public office, and possess firearms—unencumbered by Case No. 15-CF-005652-A or subsequent arrests;
    4. **Issuance of Official Restoration Certification:** Directing or declaring that Plaintiff is entitled to an official **Certificate Granting Restoration of Civil Rights** or formal Certificate of Exemption/Clearing issued through state executive coordination (including Coordinator Ian F. Berry) to permanently bar administrative misclassification.
- **B. Emergency Injunctive Relief (TRO and Preliminary Injunction):** Entry of a Temporary Restraining Order (TRO), Preliminary Injunction, and Permanent Injunction pursuant to **Fed. R. Civ. P. 65** and *Ex parte Young*, ordering that:
    1. **Immediate Restraint:** Defendants, their officers, agents, and employees are **immediately restrained and enjoined** from arresting, detaining, citing, or prosecuting Plaintiff under **Fla. Stat. § 775.261, Fla. Stat. § 775.13, Fla. Stat. §**

**944.608**, or flagging him on any local, state, or federal law enforcement database (FCIC/NCIC) or driver license system as a career offender, felon registrant, or restricted individual;

2. **Database Correction:** Defendants are ordered to immediately clear, correct, and expunge all administrative registry listings, warrants, and system flags tied to Fla. Stat. § 775.261, § 775.13, or related statutes;
3. **State Executive Coordination:** Defendants are ordered to coordinate with state executive officers to issue official documentation confirming the full restoration and non-forfeiture of Plaintiff's civil rights, including a formal Clemency Certificate / Restoration Certification.

- **C. Monetary Damages:** An award of compensatory damages in the amount of **$35,000,000.00** against Defendants for 29 months of unconstitutional state prison confinement, multiple false arrests, public humiliation, loss of employment, lost wages, and severe emotional distress; together with an award of punitive damages against individual Defendants in their individual capacities in an amount to be determined by a jury.
- **D. Fees & Costs:** Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 26 day of October, 2026.

**FRANKLIN K. JOHNSON, III**

*Plaintiff, Pro Se*

20530 colonial isle dr apt 202

Tampa, FL 33647

[813-241-7824

royalprincefrank87@gmail.com

## INDEX OF EXHIBITS

- **EXHIBIT A:** State Attorney Notice of Case Status / Letter of Release ("NO-FILED") in Case No. 2025-CF-011580, dated July 15, 2025.
- **EXHIBIT B:** Second DCA Mandate & Opinion in Case No. 2D16-1316 (L.T. Case No. 15-CF-005652-A), dated July 18, 2018.
- **EXHIBIT C:** Hillsborough County Clerk's Certificate of Disposition in Case No. 15-CF-005652-A (*Nolle Prosequi*), dated September 7, 2018.

- **EXHIBIT D:** Second DCA Mandate and Circuit Court Final Orders in *Johnson v. Lopez*, Case No. 2D2025-2517 (L.T. Case No. 24-CA-005722), dated August 26, 2026 (Exhaustion of State Remedies).
- **EXHIBIT E:** Clerk's Certificate of Disposition in Case No. 19-CF-014638-A (Dismissed on Sept. 21, 2020), dated March 10, 2025.
- **EXHIBIT F:** Clerk's Certificate of Disposition in Case No. 23-CF-002403-A (*Nolle Prossed* on Aug. 10, 2023), dated March 10, 2025.
- **EXHIBIT G:** State's Notice of Nolle Prosequi signed by Susan S. Lopez in Case No. 2023-CF-002403, filed August 10, 2023.
- **EXHIBIT H:** Copy of Fla. Stat. § 768.28 Notice of Claim served on Florida Department of Financial Services & Agencies, dated August 25, 2023.